DOC NO
REC'D/FILED
2008 FEB -6 AM 11: 53
THERESA M. OWENS
CLERK US DIST COURT
WD OF WI

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

THE WISCONSIN COMPRESSED AIR
CORPORATION

    Plaintiff,

v.

GARDNER DENVER, INC.

    Defendant.

Case No. 07-C-0508-C

## STIPULATED PROTECTIVE ORDER CONCERNING CONFIDENTIALITY

Subject to the approval of this Court pursuant to Fed.R.Civ.P. 26(c), plaintiff, The Wisconsin Compressed Air Corporation, and defendant, Gardner Denver, Inc., through their respective counsel of record, hereby stipulate to the following Protective Order:

(1)    In connection with discovery proceedings in this action, the parties may designate any documents, materials, things, testimony or other information derived therefrom, as "CONFIDENTIAL" under the terms of this Protective Order ("Order"). "Confidential" information is any trade secret or other technical, commercial, financial, personal, or business information which has not been made public and which a party would not normally reveal to others or would cause others to maintain in confidence. The parties hereto and their counsel shall make a good faith effort to designate as confidential material only such documents and information as reasonably require confidential treatment.

(2)    Designation of confidential information shall be made by placing or affixing on the document in a manner which will not interfere with its legibility the word "CONFIDENTIAL." Except for documents produced for inspection at the party's facilities, the

designation of confidential information shall be made prior to, or contemporaneously with, the production or disclosure of that information. In the event that documents are produced for inspection at the party's facilities, such documents may be produced for inspection before being marked confidential. Once specific documents have been selected for copying, any documents containing confidential information will then be marked as such after copying but before delivery to the party who inspected and selected the documents. Stamping or marking "CONFIDENTIAL" on the cover of any multipage document shall designate all parts of the document as confidential, unless otherwise indicated by the producing party. Production of confidential information without a confidential designation shall be without prejudice to any claim that such information is confidential, and the producing party shall not be held to have waived any rights by such production. In the event that such production occurs, counsel for the producing party shall redesignate the document or information as confidential.

(3) Portions of depositions of a party's present and former officers, directors, employees, agents, experts, and representatives shall be deemed confidential only if they are designated as such when the deposition is taken.

(4) Information or documents designated as confidential under this Order shall not be used or disclosed by the parties or counsel for the parties or any persons identified in paragraph 5 for any purposes whatsoever other than preparing for and conducting the litigation in which the information or documents were disclosed (including appeals).

(5) The parties and counsel for the parties shall not disclose or permit the disclosure of any documents or information designated as confidential under this rule to any other person or entity, except that disclosures may be made in the following circumstances:

(a) Disclosure may be made to employees of counsel for the parties who have direct functional responsibility for the preparation and trial of the lawsuit. Any such employee to whom counsel for the parties makes a disclosure shall be advised of, and become subject to, the provisions of this order requiring that the documents and information be held in confidence.

(b) Disclosure may be made to specific employees of a party only when such employees are required in good faith to provide assistance in the conduct of the litigation in which the information was disclosed. Any such employee to whom counsel for the parties makes a disclosure shall be advised of, and become subject to, the provisions of this Order requiring that the documents and information be held in confidence.

(c) Disclosure may be made to court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making photocopies of documents. Prior to disclosure to any such court reporter or person engaged in making photocopies of documents, such person must agree to be bound by the terms of this order.

(d) Disclosure may be made to consultants, investigators, or experts (hereinafter referred to collectively as "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of the lawsuit. Prior to disclosure to any expert, the expert must be informed of and agree to be subject to the provisions of this order requiring that the documents and information be held in confidence and must execute an Acknowledgment of Protective Order and Nondisclosure Agreement in the form attached hereto as Exhibit A. Counsel for

3

the party seeking to disclose the confidential information to such expert pursuant to this order shall be responsible for retaining the executed originals of all such Acknowledgments.

(6) Except as provided in subparagraph 5, counsel for the parties shall keep all documents designated as confidential which are received under this order secure within their exclusive possession and shall place such documents in a secure area.

(7) All copies, duplicates, extracts, summaries, or descriptions (hereinafter referred to collectively as "copies") of documents or information designated as confidential under this Order, or any portion thereof, shall be immediately affixed with the word "CONFIDENTIAL," if such designation does not already appear.

(8)(a) To the extent that any answers to interrogatories, transcripts of depositions, responses to requests for admissions, or any other papers filed or to be filed with the court reveal or tend to reveal information claimed to be confidential, such papers or any portion thereof shall be filed under seal by the filing party with the clerk of the court in an envelope marked "SEALED." A reference to this Order should also be made on the envelope.

(b) The designation of information as confidential may be challenged by any party upon motion.

(c) At the conclusion of the litigation, all material designated as confidential or restricted under this Order shall be returned to the originating party. If the parties so stipulate, the material may be destroyed.

The parties hereto respectfully request the Court to enter an order accordingly.

Dated this 22nd day of January, 2008.    AXLEY BRYNELSON, LLP

*[signature]*

Steven M. Streck (State Bar No. 1013070)
Timothy D. Edwards (State Bar No. 1036836)
Attorneys for Plaintiff, The Wisconsin Compressed Air Corporation

P.O. ADDRESS:
2 East Mifflin Street, Ste. 200
P.O. Box 1767
Madison, WI 53701-1767
Phone: (608) 257-5661

Dated this 5th day of ~~January,~~ February, 2008.    DAVIS & KUELTHAU, S.C.

*[signature]*

William J. Mulligan (State Bar No. 1008465)
William L. Shenkenberg (State Bar No. 1025133)
Attorneys for Defendant, Gardner Denver Inc.

OF COUNSEL:
111 East Kilbourn Ave., Suite 1400
Milwaukee, WI 53202-6613
Phone: (414) 276-0200

So ordered this 7nt day of February, 2008.

BY THE COURT

*[signature]*

Honorable Bar~~bara B. Crabb~~
United States ~~District Court~~ Judge
MAGISTRATE

5